UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 06-108S |
| VS. | : | |
| | : | |
| JOSEPH ANTONE, JR. | : | |

MEMORANDUM IN SUPPORT OF MOTION
FOR DISCLOSURE OF GRAND JURY INFORMATION

Defendant's Motion for Disclosure of Grand Jury Information has requested access to the ministerial records of the grand jury convened in the above captioned case. These records include those reflecting attendance, substitutions, discipline or removal of the jurors; those reflecting the instructions, evidence and voting count on the counts of the indictment; and those disclosing the names and occupations of any persons to whom grand jury information was disclosed pursuant to Federal Rule of Criminal Procedure 6(e)(3).

As to this last request, Defendant seeks the records and any other information concerning the appointment and/or employment of any agents of the grand jury. Specifically, Defendant seeks to know if such appointments were made and the nature and scope of the agent's authority; who authorized or employed same; and whether such disclosure, if any, was pursuant to court order.

As to the other requests, the defense seeks to establish that the indictment is not based on an element by element finding of probable cause as to each Count. Defendant offers the following in support of his motion for discovery:

1. MINISTERIAL RECORDS

The Court of Appeals for the Ninth Circuit has held that members of the public have a

common law right to access to the "ministerial records" of grand jury, subject only to the rule of grand jury secrecy. In Re Special Grand Jury (for Anchorage, Alaska) 674 F2.d 778 (9th Cir. 1982). In so holding, the Court reversed a lower court decision denying a motion seeking such records on the grounds that, because the movants (subject of the special grand jury investigation) were not indicated, they lacked standing to raise issues concerning grand jury irregularity. The Court of Appeals noted that the disposition of the case did not require consideration of the appellant's reasons for seeking disclosure and held that their standing sprang from a common law right of access of court records. 674 F.2d at 780. Courts and their activities are not secret as in other countries. Secrecy, when it exists, requires extraordinary justification. There is no such justification in the case sub judice.

Based upon this right, the Court concluded that appellants, as members of the public, had a right to discovery of the ministerial records in the files of the district court having jurisdiction over the grand jury secrecy. 674 F.2d at 781. The Court defined "ministerial" as relating to "the procedural aspects of empaneling and operation of the Special Grand Jury, as opposed to records which relate to the substance of the Special Grand Jury Investigation." 674 F.2d at 799 n.1. The composition and attendance of the grand jury members, and the voting talleys in no way reflect the substance of the investigative proceeding. Moreover, the revelation of the fact of disclosure to or from certain individuals does not involve the revelation of the content of that disclosure. These non content based requests should be considered matters of public record and readily discoverable.

Given the existence of the indictment, the subject matter can no longer be claimed as a secret. Review by this Court of the evidence and providing the instructions only serves justice and promotes fairness. If all is well, then there is no problem but if not, it should be known.

Additionally, granting Defendant's motion will not violate the rule of grand jury secrecy. In re Special Grand Jury, supra. The reasons for this secrecy have been summarized as follows:

> "(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by the persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation and from the expense of standing trial where there was no probability of guilt."

United States v. Procter & Gamble Co., U.S. 677, 681 n. 6 (1958) (citing United States v. Rose, 215 F.2d 617, 628-29 (3rd Cir., 1954).

The reasons for secrecy require particular consideration when the grand jury continues to sit, as it did In Re Special Grand Jury, (Anchorage), supra; however, it is another situation altogether when the grand jury has been discharged and the indictment returned. In United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234, 60 S. Ct. 811, 849 (1940), the Supreme Court stated that "... after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." See United States v. Colonial Chevrolet Corp., 629 F.2d 943 (4th Cir.1980). That is the situation present here. In the instant case, the grand jury has returned the indictment. Furthermore, any concern for the impact of disclosure on the functioning of future grand juries, is obviated where, as here, ministerial records concerning procedure and operation are sought and the indictment has been returned. Douglas Oil Co. of Calif. v. Petrol Stops Northwest, 441 U.S. 211, 222 99 S.Ct. 1667, 1675 (1979). Based upon the foregoing, such matters of public records should be readily discoverable in light of their ministerial status.II.

VALID INDICTMENT INFORMATION

The Defense is also seeking, in this Motion, to obtain evidence to establish that the grand jury may not indict an accused unless they determine that there exists probable cause as to each and every element of the offense they are being asked to consider. See e.g. In Re Winship, 397 U.S. 358 (1970) (the prosecution's burden criminal cases is to establish every single element of the crime charged); Bransburg v. Hayes, 408 U.S. 665, 92 S.Ct. 2646 (1972) (indictments must be well-founded, i.e. nonspeculative); United States v. Sells Engineering, Inc., 463 U.S. 418, 103 S.Ct. 3133 (1983) (standard by which the grand jury judges the evidence is probable cause).

The court as neutral arbiter in the case cannot rely on the prosecution to make the judicial determination of whether or not the jury was properly instructed and whether or not sufficient evidence was presented to them on each element of the offenses charged. Only a review of the records will answer that question. This is pertinent given the failure of Count 2 to state an offense.

II. PARTICULARIZED NEED

Defendant also requests this Court to grant his motion pursuant to Federal Rules of Criminal Procedure 6(e)(3)(c) and its showing of "particularized need." The rule of grand jury secrecy is embodied in Federal Rules of Criminal Procedure 6(e). That Rule recognizes certain exceptions to the veil of secrecy. Rule 6(e)(3)(c) provides:

> "Disclosure otherwise prohibited bu this rule of matters occurring before the grand jury may also be made.-(i) when so directed by a court preliminarily to or in connection
>
> with a judicial proceeding; or (ii) when upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury." Defendant seeks the information based on both exceptions. In order to gain access to some records of grand jury proceedings, a defendant

> must show a "particularized need" for the materials.
> United States v. Wallace, 528 F.2d 863 (4th Cir. 1976).

In clarifying what this showing entails, the Supreme Court stated:

> "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for continued secrecy, and that their request is structured to cover only material so needed."

Douglas Oil Co. of Calif. v. Petrol Stops Northwest, supra., 441 U.S. at 222, 99 S. Ct. At 1674 (1979).

1. PARTICULARIZED NEED

Defendant seeks the attendance, substitution, discipline, removal and voting records of the grand jury to ensure compliance with the Fifth Amendment right that no person be held to answer for an infamous crime unless on indictment of the grand jury. As codified in Rule 6, this mandate requires that no less than 16 grand jurors be present at every session (Rule 6(a)), and that no less than 12 grand jurors concur on finding an indictment (Rule 6 (f) ).

The underlying policy for these constitutionally mandated requirements is to ensure that the grand jury properly performs its function. Discovery of these records will reveal, among other things, whether each element of each count was presented to the grand jury and whether 12 jurors concurred on each count. In Gaither v. United States, 413 F.2d 1061, (D.C. Cir. 1969) the Court of Appeals dismissed an indictment which was drafted by the United States Attorney and signed by the jury foremen, following the grand jury presentment of the defendants for grand larceny. The Court noted that the presentment lacked all of the substantive elements of an indictment such as the elements of the offense and the date and place of the alleged crime. 413 F.2d at 1070. The Court then concluded:

> ". . . . that Rule 6 requires the grand jury as a body to
> to pass on the actual terms of an indictment. We are
> impelled to this conclusion largely by the constitutional
> principals ... which emphasize the right of the accused
> to be tried on an indictment which has in each material
> particular been approved by a grand jury."

413 F.2d at 1071 (emphasis added). See also, United States v. Roberts, 481 F. Supp. 1385 (C.D. Calif. 1980) (indictment dismissed where record revealed the only eight grand jurors were present for all sessions in which testimony was presented, and where even if absentee jurors to whom testimony was reread were counted the numbers of "informed" grand jurors only totaled eleven.)

Clearly, the only way to ensure that Defendant is tried on an indictment approved in "each material particular" is to disclose the vote on the indictment. Absent judicial review, the prosecution is the sole arbiter of the validity of an indictment. Non disclosure of this information could result in an injustice of constitutional proportions.

This information is also requested in order to assure that all grand jurors are legally qualified. (Rule 6 (a) ). In addiction, copies of all orders of all orders of immunity and letters of immunity for all witness who testified or provided information for this grand jury are requested. They will likely lead the defense to uncover improprieties concerning the government's conduct during the jury investigation. These improprieties should lead to the exclusion of certain witnesses and evidence derived therefrom. The Defendant has already been put on notice that there were violations of his own Fifth and Sixth Amendment rights during the grand jury investigations. Grand jurors were apparently given what seems to be clearly incorrect legal advice. They didn't name five supervisors nor did they charge three appropriate predicate felonies.

Defendant also seeks information concerning the possible disclosure of grand jury matters to any persons pursuant to Rule 6 (e) and whether such disclosure was conducted pursuant to court order. Specifically, Defendant requests all the information concerning the employment or appointment of a special agent of the grand jury and any other disclosures.

As embodied in Rule 6, secrecy is the practice of the grand jury and disclosure is the exception. (See discussion in Part I for reasons therefore). Rule 6 (e) (3) (A) states:

> "Disclosure otherwise prohibited by this rule of matters occurring before the grand jury other than its deliberations and the vote of any grand juror, may be made to-- (i) an attorney for the government for use in the performance of such attorney's duty; and (ii) such attorney for the government to assist an attorney for the government in the performance of such attorney's duty to enforce Federal Criminal Law."

Although no court order is required for disclosure under these exceptions, the names of such persons must be provided to the district court pursuant to Rule 6 (e) (2) (B). Since this latter requirement is not a "matter occurring before the grand jury", it is readily discoverable as a public record of the district court. A prior court order is required, however, for disclosure pursuant to the other exceptions preliminary to or in connection with a judicial proceeding, and at

the request of defendant for a motion to dismissed the judgment. Rule ^ (e) (3) (c) (i).

2. NEED FOR SECRECY

The second prong of the Douglas Oil Co. test requires a balancing between the need for secrecy and the need for disclosure. The nature of the balancing suggests that when the need for secrecy is high the required showing for the need to disclosure will be high also and vice versa. <u>Douglas Oil Co.</u>, 441 U.S. at 223, 99 S. Ct. At 1675 ("As considerations justifying secrecy

become less relevant, a party asserting a need for grand jury (material) will have a lesser burden in showing justification").

The stated reasons for secrecy (See above), require a high showing of need for disclosure when the grand jury is sitting. The Supreme Court has recognized that after the grand jury has been discharged, disclosure may be wholly proper. United States v. Socony-Vacuum Oil Co. Supra, 310 U. S at 60 S. Ct. at 849.

The court of Appeals for the Fourth Circuit has also adopted the viewpoint of a diminished showing of "particularized need" when the grand jury proceedings are no longer current. United States v. Colonial Chevrolet Corp., 629 F. 2d at 949-50.

In the instant case, the grand jury has already indicted the Defendant. Thus, the lower standard of showing "particularized need" applies. As discussed in Part I. the need for secrecy is obviated where not only are the opportunities for escape, suborning perjury, etc., no longer present, but the nature of the discovery is not content-based. This request will have no effect on witnesses coming forth and freely testifying at trial. On the other hand, having amply shown the potential of Rule 6 and public policy for disclosure over the need for decrecy.

3. SPECIFIC REQUEST

Finally, Defendant avers that this request is tailored sufficiently to cover only those potential violations listed above.

This Defendant is entitled to bring them to light in the adversarial process.

Based upon the foregoing, Defendant has demonstrated a "particularized need" pursuant to the Douglas Oil test, and respectfully asks this Court to grant its Motion.

/s/Joseph J. Voccola
Joseph J. Voccola (Bar # 4132)

Law Offices of Joseph J. Voccola
454 Broadway
Providence, RI 02909
Phone: (401) 751-3900
Fax: (401) 751-8983
Sue@joevoccolalawoffices.com

/s/John F. Lusi
John F. Lusi (Bar # 4949)
Law Offices of John F. Lusi
29 Okie Street
Providence, RI 02908
Phone: (401) 632-0161
Fax: (401) 632-0589
Jlusi@cox.net

CERTIFICATE OF SERVICE

I hereby certify that a true copies of the within Memorandum of Law in Support of Motion for Grand Jury Information were served by electronic mail to:

Sandra.beckner@usdoj.gov

usariecf@usdoj.gov