IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR06-108S |
| | ) | |
| JOSEPH ANTONE, JR. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SUPRESS ORAL AND TANGIBLE EVIDENCE**

## I. INTRODUCTION

As stated in the motion accompanying this memorandum, defendant is relying, in part, on facts that, he submits, will emerge at a future and necessary evidentiary hearing. An evidentiary hearing is necessary because some facts bearing on the critical point relied upon in this memorandum and accompanying motion - the lack of defendant's consent for Middletown police officers to enter the Newport apartment where he was staying - are not yet on the record. For example, the Middletown police officers who first entered the premises at issue here have not provided sworn narratives to Mr. Antone. At an evidentiary hearing defendant will call witnesses to supplement the currently incomplete factual record so that the absence of defendant's consent will be fully supported and found by

the court. This finding, when applied to the law, will compel the court to grant the requested relief of suppression.

## II. FACTS

At approximately 4:00am on August 31, 2006, uniformed members of the Middletown Police Department, while beyond the boundary of their authority as local police officers and under the color of state law, entered the private residential premises located at 72D Marcus Wheatland Boulevard ("Apartment 72D") in the city of Newport. The police had no search warrant. They had no arrest warrant. Furthermore, they had no probable cause to search Apartment 72D or arrest anyone connected to these premises.

In explaining their presence at Apartment 72D, the Middletown police officers claim to have been investigating an alleged sexual assault that occurred the night before in their neighboring town of Middletown, at a place called the Bay Willow Motel. Nothing in the information provided so far by the government to Mr. Antone indicates that this investigation involved any participation by federal agents.

These Middletown law enforcement officials entered Apartment 72D after encountering Mr. Antone at the door. This entrance occurred without the consent or permission of Mr. Antone who was staying at these premises as he does

several times per week. In this sense these premises were tantamount to his dwelling for the purposes of the legal analysis of this memorandum.

Most importantly, and contrary to police accounts and consistent with Mr. Antone's previous statements, the Middletown police officers entered the premises without any consent or permission whatsoever from Mr. Antone. Furthermore, nothing in the police reports indicates that the Middletown police officers involved ever informed or asked for assistance from the local police department with authority over the premises: the Newport Police Department.

Only as a result of this extraterritorial, coercive, unauthorized, and unlawful intrusion, could the law enforcement officials involved in this case obtain all of the evidence which forms the basis of the one count indictment charging Mr. Antone with a violation of 21 U.S.C. §§841(a)(1) and (b)(1)A).

## III. LAW

Admission of evidence obtained in the unlawful manner described above would violate Mr. Antone's right against unreasonable search and seizure under the Fourth Amendment to the United States Constitution and its Rhode Island analog, Article 1, Section 6 of the Rhode Island Constitution. Such ill-begotten evidence must be suppressed as "fruits of the poisonous tree" under the teachings of Wong Son v. United States, 371 U.S. 471 (1963) and Segura v. United States, 468 U.S. 796 (1984).

Furthermore, Mr. Antone asserts that the police conduct here amounted to overreaching and coercion and a violation of his rights to Due Process guaranteed by the Fourteenth Amendment to the United States Constitution. *See, e.g.* Colorado v. Connelly, 479 U.S. 157 (1986).

### A. Fourth Amendment Right - Search and Seizure

### Private Homes at Core of Fourth Amendment Protection

At the outset, it should be noted that under the Fourth Amendment of the United States Constitution, searches conducted without a warrant are presumptively unreasonable. See U.S. v. Gaviria, 775 F.Supp. 495 (D.R.I. 1991)(citations omitted) "The Fourth Amendment reflects a free society's **strong preference** that searches of private

homes by the government be conducted pursuant to a warrant." U.S. v. Tibbs, 49 F.Supp 2d. 47, 50 (D.Mass. 1999)(citations omitted)(emphasis added). "At the very core [of the Fourth Amendment] stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." Silverman v. United States, 365 U.S. 505, 511 (1961). "It is a bedrock principle that the prophylaxis of the Fourth Amendment is at its zenith with respect to an individual's home." U.S. v. Martins, 413 F.3d 139,146 (1st Cir. 2005).

**Reasonable Expectation of Privacy**

Mr. Antone had a reasonable expectation of privacy in the premises at issue here under the two factors outlined in United States v. McHugh, 575 F.Supp. 111 (D.R.I. 1983), aff'd, 769 F.2d 860 (1st Cir. 1985). First, Mr. Antone exhibited a subjective expectation of privacy when he answered the door and withheld his consent to enter the apartment. Second, viewed objectively under the circumstances, this subjective expectation was wholly justified based on the nature of Apartment 72D as a private residence and the frequency of Mr. Antone's stays there.

**Burdens of Production and Persuasion**

Because the Middletown police had no warrants at the time they initially entered the premises, the government

bears the burdens of production and persuasion on the issue of a lawful entrance and subsequent search. *See, e.g.* United States v. Roch, 5 F.3d 894 (5th Cir.1993).

**Standard of Proof**

In a purely federal investigation and prosecution, the federal government must comply with federal law which requires proof of valid consent by a preponderance of the evidence. *See, e.g.* U.S. v. Forbes, 181 F.3d 1 (1st Cir. 1999) and U.S. v. Matlock, 415 U.S. 164 (1974). However, in cases involving a state investigation with a federal prosecution, as here, the federal courts must carefully consider what the state standard of proof would be, and if this state standard is more stringent than the federal standard, the federal courts must further consider whether a "silver platter" problem may apply. The "silver platter" doctrine, coined in Lustig v. U.S., 338 U.S. 74 (1949) and abolished eleven years later in Elkins v. U.S., 364 U.S. 206 (1960) held that federal courts could allow the admission of evidence obtained illegally by a state police officer as long as a federal officer did not participate in or request the search. In this case, the flagrant abuses by the Middletown police officers in searching Apartment 72D without a warrant or consent and the attempt here of federal officials to capitalize on that abuse provide a

basis for the federal court "to exercise its supervisory powers by excluding ill-gotten evidence." U.S v Sutherland, 929 F.2d 765,770 (1st Cir. 1991).

The Rhode Island law on the standard of proof applied to the validity of a consent search appears to be a higher standard than the federal standard of a preponderance of the evidence. In State v. Leavitt, 237 A.2d 309 (R.I. 1968), the Rhode Island Supreme Court held that the burden on the prosecution is to establish by clear and convincing evidence defendant's consent to search. This holding has never been directly overruled. However, later decisions inexplicably seem to apply a fair preponderance standard without any reference to the Leavitt decision. See, e.g. State v Casas, 900 A.2d 1120 (R.I. 2006)(stating that the validity of defendant's consent to search is subject to a preponderance standard); State v. O'Dell, 576 A.2d 425 (R.I. 1990)(consent to search subject to preponderance standard). Furthermore, the Rhode Island Supreme Court seems to treat as interchangeable the legal test for validity of consent with the legal test for reasonable suspicion to conduct a Terry pat down. *See* State v. Tavarez, 572 A.2d 276 (R.I. 1990). Accordingly, Rhode Island law is confused on this point of law, and defendant asserts that he, pursuant to the presumption of innocence

he enjoys, is entitled to the higher standard of clear and convincing evidence until such time as the Rhode Island Supreme Court explicitly overrules the Leavitt decision.

**Validity of Consent**

The question of whether a defendant gave constitutionally valid consent to search is a question of fact to be determined by the totality of the circumstances. U.S. Collazo-Aponte, 216 F.3d 163, 187 (1st Cir. 2000). Acquiescence may not substitute for free consent. *See, e.g.* Bumper v. North Carolina, 391 U.S. 543, 548-49 (1968). The factors used to make this factual finding were outlined in Schneckloth v. Bustamonte, 412 U.S. 218 (1973). Mr. Antone argues here that it is clear from his previously recorded statements on this point that he explicitly withheld his consent and no analysis under Schneckloth is necessary because the utter lack of consent obviates the need to determine whether an alleged consent is given freely and voluntarily.

In the event that the Court disgrees with this assertion, Mr. Antone argues that under the facts contained in the police reports as well as the additional facts that will be developed at a future evidentiary hearing, any "consent" perceived by the Middletown police officers cannot

withstand scrutiny under the analysis outlined in Schneckloth as freely and voluntarily given.

**IV. Conclusion**

For the foregoing reasons, all evidence obtained in support of the subject indictment was unlawfully gathered and must be suppressed.

/s/Joseph J Voccola
Joseph J. Voccola (Bar # 4132)
Law Offices of Joseph J. Voccola
454 Broadway
Providence RI 02903
Phone (401) 751-3900
Fax (401) 751-8983
Sue@joevoccolalawoffices.com

/s/John F. Lusi
John F. Lusi (Bar # 4949)
Law Offices of John F. Lusi
29 Okie Street
Providence, RI 02908
Phone: (401)632-0161
Fax: (401)632-0589
jlusi@cox.net

## Certificate of Service

I hereby certify that true copies of the within memorandum were served by electronic mail to:

Sandra.beckner@usdoj.gov

usariecf@usdoj.gov

/s/Joseph J. Voccola
Joseph J. Voccola (Bar #4132)
Law Offices of Joseph J. Voccola
454 Broadway
Providence, RI 02909
Phone (401) 751-3900
Fax (401) 751-8983
sue@joevoccolalawoffices.com

/s/John F. Lusi
John F. Lusi (Bar #4949)
Law Offices of John F. Lusi
29 Okie Street
Providence, RI 02908
Phone (401) 632-0161
Fax (401)632-0589
jlusi@cox.net