IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| vs. | ) | CR06-108S |
| | ) | |
| | ) | |
| JOSEPH ANTONE, JR. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO SUBPOENA WITNESSES AND DOCUMENTS TO THE SUPPRESSION HEARING CURRENTLY SCHEDULED FOR JANUARY 22, 2007**

In connection with the above matter Defendant has moved to suppress evidence. The hearing on this motion is currently scheduled to occur on January 22, 2007 at 9:00am. Defendant, in the motion accompanying this memorandum, has requested that the court approve the issuance of thirteen subpoenas returnable to the court at the place and time of the suppression hearing. Eleven of the subpoenas seek the testimony - and any related documentation - of Newport and Middletown police officers and the remaining two subpoenas seek official documents and records of the Newport and Middletown police departments as certified by their custodians.

**NEWPORT POLICE DEPARTMENT**

Defendant requests that the following six Newport police officers testify - and provide related documentation - at the suppression hearing:

1. Detective Mark Matoes
   Newport Police Department

2. Detective Michael C. Rego
   Newport Police Department

3. Community Police Officer James Winters
   Newport Police Department

4. Lieutenant Marc Santasieri
   Newport Police Department

5. Sergeant Robert A. Harvey
   Newport Police Department

6. Custodian of the Records
   Newport Police Department

**MIDDLETOWN POLICE DEPARTMENT**

Defendant requests that the following five Middletown police officers testify - and provide related documentation - at the suppression hearing:

1. Patrol Officer James M. Maclean
   Middletown Police Department

2. Detective Kelly A. Mitchell
   Middletown Police Department

3. Detective A.W. Swierk
   Middletown Police Department

4. Officer Cotellese
   Middletown Police Department

5. Lieutenant Frank Kluth
   Middletown Police Department

6. Patrol Officer David F. Bissonnette
   Middletown Police Department

7. Custodian of the Records
   Middletown Police Department

The grounds for this motion are that all the above officers, documents, and records are evidentiary and relevant to defendant's legal theory that his fourth amendment and due process constitutional rights have been violated by law enforcement officials who investigated this matter such that all evidence obtained by the government forming the basis of the one-count indictment must be suppressed.

According to the discovery provided by the government to Mr. Antone, all of the eleven above-named officers participated in the investigation of Mr. Antone resulting in the one-count indictment underlying this case. In fact, seven of these officers - Rego, Matoes, Harvey, Bissonnette, Maclean, Mitchell, and Swierk - recorded

written narratives regarding the investigation of Mr. Antone which narratives the government has provided to Mr. Antone.

It is Mr. Antone's position that the police conduct in this case, culminating in the unwarranted early morning intrusion into Mr. Antone's home by two out-of-town police detectives, violated state law and internal police procedures and that these violations in turn constitute a violation of Mr. Antone's federal constitutional rights. *See, e.g.*, United States v. Mikulski, 317 F.3d 1228, 1232 (10th Cir.)("the question of compliance with state law may well be relevant in determining whether police conduct was reasonable for Fourth Amendment purposes.")(citations omitted); United States v. Baker, 16 F.3d 854,856 n.1 (8th Cir. 1994)("A police violation of state law does not establish a Fourth Amendment violation. However, the question of compliance with state law may well be relevant in determining whether police conduct was reasonable for Fourth Amendment purposes.")

In order for counsel for Mr. Antone to provide effective representation at the upcoming hearing on the motion to suppress, the testimony and documentation requested by the thirteen subpoenas are not just relevant but essential.

/s/Joseph J Voccola
Joseph J. Voccola (Bar # 4132)
Law Offices of Joseph J. Voccola
454 Broadway
Providence RI 02903
Phone (401) 751-3900
Fax (401) 751-8983
Sue@joevoccolalawoffices.com

/s/John F. Lusi
John F. Lusi (Bar # 4949)
Law Offices of John F. Lusi
29 Okie Street
Providence, RI 02908
Phone: (401)632-0161
Fax: (401)632-0589
jlusi@cox.net

## Certificate of Service

I hereby certify that true copies of the within motion were served by electronic mail on January 5, 2007 to:

Sandra.beckner@usdoj.gov

usariecf@usdoj.gov

/s/Joseph J Voccola
Joseph J. Voccola (Bar # 4132)
Law Offices of Joseph J. Voccola
454 Broadway
Providence RI 02903
Phone (401) 751-3900
Fax (401) 751-8983
Sue@joevoccolalawoffices.com

/s/John F. Lusi
John F. Lusi (Bar # 4949)
Law Offices of John F. Lusi
29 Okie Street
Providence, RI 02908
Phone: (401)632-0161
Fax: (401)632-0589
jlusi@cox.net