**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Cr. No. 06-108S** |
| | ) | |
| **JOSEPH ANTONE, JR.** | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY INFORMATION**

The defendant filed a motion seeking disclosure of materials relating to the grand jury proceedings which resulted in the return of the above-captioned indictment against the defendant. In support of his request, the defendant argues that he needs the requested grand jury materials "to protect his constitutional right to due process, equal protection of the law, and such other rights as obtain."

The parties were able to resolve some of the issues. The government provided the defendant with a copy of the transcript referenced in request number 7. The defendant withdrew requests number 5, the identity of agents appointed by the grand jury; 8, the identity of each grand juror; and 9, copies of orders of immunity.

Thus, all that remains for the Court's ruling are the defendant's requests 1-4, pertaining to the number of grand jurors present, deliberating and concurring in the indictment, and the identity of any grand jurors who were disciplined, and 6, a copy of the instructions given to the grand jury. The

government objects to the remaining requests, and asks the Court to deny the defendant's motion for disclosure.

**Argument**

The disclosure of grand jury material is contrary to the long established policy of maintaining the secrecy of federal grand jury proceedings. See United States v. Sells Engineering, Inc., 463 U.S. 418, 424 (1983). That general rule of secrecy, now codified in Rule 6(e) of the Federal Rules of Criminal Procedure, applies not only to the transcripts of grand jury proceedings, but also to anything that may reveal what occurred before a grand jury. See In re Grand Jury Matter, 682 F.2d 61, 63 (3d Cir. 1982).

Although this rule of secrecy is not absolute, the party moving for disclosure bears the heavy burden of demonstrating that the material he seeks is needed to avoid a possible injustice, that the need for disclosure outweighs the need for continued secrecy and that the request is structured to cover only required material. See Douglas Oil Company v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979). Specifically, the moving party must show a particularized need for the information that he seeks. See Sells Engineering, 463 U.S. at 434; United States v. Llaca Orbiz, 513 F.2d 816, 819 (1st Cir. 1975).

Since there is a presumption of regularity accorded to all grand jury proceedings, that need must be demonstrated in the

form of specific factual allegations of governmental misconduct. See Llaca Orbiz, 513 F.2d at 19; see also United States v. Miramontez, 995 F.2d 56, 59 (5th Cir. 1993); United States v. Friel, 1 F.3d 1231, 1993 WL 309628, at *2 (1st Cir. 1993) (unpublished). The mere contention that a defendant has a right to the grand jury materials is just not enough. See Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399-401 (1959); Miramontez, 995 F.2d at 59. In fact, Rule 6(e) of the Federal Rules of Criminal Procedure only authorizes the release of grand jury information to a defendant based upon a showing "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. Fed.R.Crim.P. 6(e)(3)(E)(ii).

In the instant case, the defendant attempts to satisfy the particularized need requirement by arguing that he needs access to the requested materials in order to ensure Fifth Amendment compliance and then generally alleges unspecified violations of his Fifth and Sixth Amendment rights before the grand jury. The defendant further claims, again without giving any specifics, that the government provided incorrect legal advice to the grand jurors, evidenced by the fact that they failed to name five supervisors and failed to charge three appropriate predicate

felonies.[1]

The defendant's failure to allege specific factual allegations other than the grand jury's failure to consider the elements of a crime for which the defendant was not indicted, combined with the broad scope of his requests, demonstrate that the defendant's motion is nothing more than an impermissible attempt to conduct an unauthorized fishing expedition. The granting of such broad requests not only runs counter to the requirements of Rule 6(e) and the general presumption of secrecy applicable to grand jury proceedings, it also would effectively undermine the policies protecting the integrity of the grand jury system.

The defendant also attempts to avoid the particularized need requirement by characterizing some of the information he is requesting as ministerial. The mere fact that a particular record sought by the defendant could be classified as ministerial does not leave it unprotected, since the secrecy afforded grand jury matters may extend beyond the scope of Rule 6(e). See In re Special Grand Jury, 674 F.2d 778, 781 (9th Cir. 1982); United States v. Loc Tien Nguyen, 314 F.Supp.2d 612, 617-18 (E.D.Va. 2004).

For instance, the defendant's requests seeking the identity

---

[1]It appears the defendant is relying upon a form motion because his allegations bear no relation to the pending case.

of certain grand jurors, although possibly not falling within a strict reading of Rule 6(e), would reasonably be protected by the general doctrine of grand jury secrecy, especially since disclosure may significantly undermine the current or future grand jury's freedom to deliberate and/or subject jurors to inappropriate contact from persons subject to indictment. See Douglas, 441 U.S. at 219 n.10; see also United States v. Deffenbaugh Industries, Inc., 957 F.2d 749, 757 (10th Cir. 1992).

The defendant also seeks to learn the number of grand jurors present and participating in deliberations, as well as the number concurring in the indictment, despite the general proviso in Fed.R.Cr.P. 6(c) that the voting record should not be made public absent an order of the court. As with the identity of the grand jurors, such information "remain[s] secret absent a particularized, discrete showing of need." Deffenbaugh Industries, Inc., 957 F.2d at 756 (denying a defense request to learn the number of grand jurors concurring in the indictment)[2]. In short, applying the "ministerial" label to some of the materials he seeks, should be of no assistance to the defendant

---

[2] The district court in Deffenbaugh Industries, Inc. reviewed the voting record, determined that 12 or more jurors concurred in the indictment, and advised the defendant that a sufficient number of jurors voted to indict. In light of this, the Tenth Circuit affirmed the district court's decision "*not* to reveal the exact number concurring, 'in order to preserve the secrecy provided by Rule 6.'" Deffenbaugh Industries, Inc., 957 F.2d at 756.

in winning judicial approval of his requests.

Finally, despite defendant's suggestion to the contrary, the completion of the grand jury proceedings, as evidenced by the return of the indictment against the defendant, does not relieve him of the obligation of meeting the criteria for release of grand jury materials. See In re Lynde, 922 F.2d 1448, 1454 (10th Cir. 1991). The Court, in considering a defendant's request for disclosure, must consider the possible effect of disclosure on the functioning of future grand juries, as well as the grand jury that returned the indictment. See Douglas Oil, 441 U.S. at 222. Although the interest in grand jury secrecy may be somewhat reduced at the conclusion of the relevant grand jury proceedings, the defendant may not rest his argument in favor of disclosure simply upon the potential weakening of the public interest considerations in favor of secrecy. Rather, the defendant must still make a real showing of need to justify his disclosure request. See In re Grand Jury Proceedings, 800 F.2d 1293, 1300-02 (4th Cir. 1986).

## **Conclusion**

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion for Disclosure of Grand Jury Information.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on January 8, 2007, I e-filed the Government's Response in Opposition to Defendant's Motion for Disclosure of Grand Jury Information, and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Joseph J. Voccola
454 Broadway
Providence, RI 02903
Phone (401) 751-3900
Fax (401) 751-8983
sue@joevoccolalawoffices.com

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov