**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **Cr. No. 06-108S** |
| | ) | |
| **JOSEPH ANTONE, JR.** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUBPOENA WITNESSES AND DOCUMENTS TO THE SUPPRESSION HEARING**

The defendant filed a motion asking the Court to order the issuance of thirteen subpoenas duces tecum to the suppression hearing scheduled in this matter for January 22, 2007. The defendant did not indicate under which subsection of Fed.R.Cr.P. 17 he seeks the subpoenas.

To the extent defense counsel requests the subpoenas pursuant to Fed.R.Cr.P. 17(a), the witnesses must comply so long as the defense complies with Fed.R.Cr.P. 17(d) requiring the defense to serve the witnesses and tender to the witnesses one day's witness-attendance fee and the legal mileage allowance[1].

Given the defendant's motion, however, the government assumes the defense moves the Court to issue the subpoenas pursuant to Fed.R.Cr.P. 17(b), asking the government to pay for service, witness fees and mileage. However, the defendant has not met his burden pursuant to Fed.R.Cr.P. 17(b) to show that he is unable to pay and that the witnesses are necessary for the

[1] The witness fee is $40/day and the mileage allowance is 44.5 cents per mile.

presentation of his defense. The defendant has two retained counsel on this case and thus presumably means with which to pay for the witness fees and mileage. Additionally, to the government's knowledge, the witnesses sought, other than Detective Kelly Mitchell, Detective William Swierk and Detective Mark Matoes, are not relevant to the proceedings, and the defendant has made no showing sufficient to satisfy his burden.

Other than the three detectives mentioned, to the government's knowledge, the other witnesses have no first hand knowledge of the facts surrounding the issue of the defendant's consent to search[2]. Additionally, the witness statements sought by counsel are specifically prohibited by Fed.R.Cr.P. 17(h) (No party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement."). In short, the defendant's request constitutes a blatant "fishing expedition," designed to allow the defendant to effectively depose any police officer mentioned in the police reports provided defense, regardless of whether the witnesses have any information about the issues raised by the defendant's motion to suppress.

---

[2] To the government's knowledge, other than Detectives Mitchell and Swierk none of the Middletown officers were present at the defendant's apartment at any time during the search. Likewise, to the government's knowledge, none of the Newport officers were present when consent was obtained by Detectives Mitchell and Swierk, and no one but Detective Matoes was present when Detective Matoes obtained written consent to search.

Similarly, the Middletown and Newport custodians of record were not present at the search, and the records sought not only have no bearing on the search, but are overbroad in light of Fed.R.Cr.P. 17(h). In short, Rule 17 should not be used as a substitute discovery rule.

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny the defendant's Motion to Subpoena Witnesses and Documents unless or until defense counsel complies with Fed.R.Cr.P. 17.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATE OF SERVICE**

On January 11, 2007, I caused the within "Government's Response to Defendant's Motion to Subpoena Witnesses and Documents to the Suppression Hearing" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Joseph J. Voccola
454 Broadway
Providence, RI 02903
Phone (401) 751-3900
Fax (401) 751-8983
sue@joevoccolalawoffices.com

Mr. John F. Lusi
Law Offices of John F. Lusi
29 Okie Street
Providence, RI 02908
Phone: (401) 632-0161
Fax: (401) 632-0589
jlusi@cox.net

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov