**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. No. 06-108S** |
| | ) | |
| **JOSEPH ANTONE, JR.** | ) | |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

The Court raised several issues regarding the suppression hearing scheduled in this case. Namely, the Court asked the parties to address the issue of the Middletown detectives' authority under state law to investigate in another jurisdiction, and if they exceeded their authority, what if any impact that would have upon the issue of suppression.

The government submits that the issue can be resolved by answering the second question raised by the Court. Even if the detectives violated state law by investigating outside their jurisdiction, such a violation would not impact upon the Court's analysis under the Fourth Amendment. "Evidence obtained in violation of neither the Constitution nor federal law is admissible in federal court proceedings without regard to state law." United States v. Sutherland, 929 F.2d 765, 769 (1st Cir. 1991) (quoting United States v. Little, 753 F.2d 1420, 1434 (9th Cir. 1984); see United States v. Charles, 213 F.3d 10, 19 (1st Cir. 2000). This is true even when the evidence is obtained during a state investigation. See United States v. Mitro, 880

F.2d 1480, 1485 & n.7 (1989).

In Sutherland, 929 F.2d at 770-71, the court considered whether evidence obtained in violation of state law, in that case in violation of the state wiretap statute, should be excluded in federal court. The court explained the rationale behind the so-called "silver platter" exception, namely to prevent federal officials from capitalizing on a violation of state law, and specifically rejected such an exception. See id. ("We write here to clarify that, in this circuit, there is no such exception."); but see Charles, 213 F.3d at 20 (interpreting Sutherland to leave open the possibility of such an exception in 'an extreme case of flagrant abuse of the law by state officials').

It seems to the government whether the Middletown detectives exceeded their municipal authority in investigating the defendant while he was located in Newport should not be pertinent to the Court's analysis under the Fourth Amendment. The question before the Court is one of federal law; specifically, whether the defendant consented, either expressly or impliedly, to the detectives entrance into 72D Marcus Wheatland Avenue, where they then observed narcotics in plain view.

Furthermore, even if a violation of state law would dictate suppression in federal court, there was no violation in this case. The defendant cites to no law that precludes a Middletown detective from conducting an interview anywhere in the United

States of an individual suspected of committing a crime in Middletown. The Middletown detectives did not go to 72D to effect an arrest, execute a search warrant or exercise authority over the defendant in any way. They went to 72D to locate the defendant and ask him if he would accompany them back to their police station for an interview, to which the defendant readily agreed.

Generally the authority of local police officers to arrest a suspect is limited to their jurisdiction; however, this case does not involve an extraterritorial arrest. Once the defendant consented to the detectives' entrance into the apartment, there is nothing in the law that required the detectives to turn a blind eye to the cocaine laying on top of the coffee table. The detectives did the right thing; they called the Newport police to investigate, and if necessary, arrest the defendant for the cocaine they observed lying in plain view in the defendant's living room. At no time did the Middletown detectives arrest the defendant, although admittedly he was not free to leave, a felony having been committed in the Middletown detectives' presence.

For the foregoing reasons and those stated in the

Government's initial response, the Court should find that the defendant's motion to suppress should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE,
UNITED STATES ATTORNEY

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on January 21, 2007, I e-filed the Government's Response in Opposition to Defendant's Motion to Suppress Evidence and Statements, and it is available for viewing and downloading from the ECF system.

Electronic notification:

Mr. Joseph J. Voccola
454 Broadway
Providence, RI 02903
Phone (401) 751-3900
Fax (401) 751-8983
sue@joevoccolalawoffices.com

Mr. John F. Lusi
Law Offices of John F. Lusi
29 Okie Street
Providence, RI 02908
Phone: (401) 632-0161
Fax: (401) 632-0589
jlusi@cox.net

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj